UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL HICKEY,

                                          Petitioner,

                        v.                                  9:03-CV-350
                                                                    (FJS/DRH)

JAMES CONWAY, Superintendent, Attica
Correctional Facility,

                                          Respondent.
_____

**APPEARANCES**                                      **OF COUNSEL**

**DANIEL HICKEY**
**98-B-2393**
Riverview Correctional Facility
Post Office Box 247
Ogdensberg, New York 13669
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                **ROBIN A. FORSHAW, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

       Petitioner Daniel Hickey seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on the grounds that (1) he was denied the effective assistance of appellate counsel because appellate counsel failed to raise certain issues before the Appellate Division; (2) the prosecution failed to meet the necessity requirement of New York Criminal Procedure Law § 700.15(4) when applying

for eavesdropping warrants and that, therefore, the trial court should have suppressed the evidence obtained as a result of the execution of those warrants; (3) the verdict was against the weight of the evidence; (4) the trial court erred in denying his request for a lesser included offense jury charge; (5) the trial court erred in denying his request for a missing witness jury charge; (6) the trial court erred in admitting audiotapes into evidence; and (7) the trial court's intrusions deprived him of the right to a fair and impartial trial.

Currently before the Court are Magistrate Judge Homer's January 13, 2005 Report-Recommendation and Order, in which he recommended that this Court deny Petitioner's petition on all grounds, and Petitioner's objections thereto.[1]

## II. BACKGROUND

On November 16, 1998, following a jury trial, Petitioner was found guilty of possession of cocaine in the second degree in Onondaga County Court and, as a result of that conviction, was sentenced to, and is presently serving, an indeterminate term of incarceration of eight to sixteen years as a second felony offender.

Petitioner filed his original petition for a writ of habeas corpus on March 21, 2003. *See* Dkt. No. 1. In compliance with this Court's March 28, 2003 Order, *see* Dkt. No. 4, Petitioner filed an amended petition on April 24, 2003, asserting the above-stated grounds for relief. *See* Dkt. No. 7.

Petitioner bases his objections to Magistrate Judge Homer's January 13, 2005 Report-

---

[1] On January 28, 2005, Petitioner requested, and this Court granted him, a sixty-day extension to file his objections. *See* Dkt. No. 23. Petitioner filed his objections on March 1, 2005. *See* Dkt. No. 24.

Recommendation and Order primarily upon his assertion that Magistrate Judge Homer mistakenly relied upon certain factual matters to support some of his recommendations. *See* Objections at 2-4.

### III. DISCUSSION

**A.  Standards of review**

A district court is required to make a *de novo* determination regarding the findings and recommendations in a magistrate judge's report-recommendation to which a party has filed timely objections and for clear error those parts of the report-recommendation to which a party does not object. *See Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)) (other citations omitted).[2]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[2] Petitioner does not object to Magistrate Judge Homer's findings and recommendations that this Court should dismiss the following grounds for his petition: (1) the verdict was against the weight of the evidence; (2) the trial court erred in denying his request for a lesser included offense jury charge; (3) the trial court erred in denying his request for a missing witness jury charge; (4) the trial court erred in admitting audiotapes of wiretapped conversations into evidence and providing transcripts of those audiotapes to the jury; and (5) the trial court's intrusions deprived him of the right to a fair and impartial trial. After reviewing Magistrate Judge Homer's recommendations regarding these issues, the Court finds that none of them are clearly erroneous, and, therefore, the Court adopts these recommendations and denies these grounds for Petitioner's petition.

>>determined by the Supreme Court of the United States; or
>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of the AEDPA, a state court adjudicates a federal constitutional claim on the merits if it "(1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgement." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001). Moreover, under the AEDPA, a federal habeas court will presume that the state court's findings of fact are correct unless the petitioner rebuts that presumption by clear and convicting evidence. *See* 28 U.S.C. § 2254(e)(1). With these standards in mind, the Court will conduct its *de novo* review of Magistrate Judge Homer's recommendations regarding the two grounds to which Petitioner has filed specific objections: (1) whether Petitioner was denied ineffective assistance of appellate counsel and (2) whether the authorities failed to meet the necessity requirement of New York Criminal Procedure Law § 700.15(4) when they applied for eavesdropping warrants.

**B.  Ineffective assistance of appellate counsel**

In order to establish a Sixth Amendment ineffective-assistance-of-counsel claim, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that but for his counsel's error, the outcome would have been different, *see id.* at 694; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (noting that "[a]lthough the *Strickland* test was formulated in the context of evaluating a claim of ineffective

assistance of trial counsel, the same test is used with respect to appellate counsel" (citations omitted)). Thus, a petitioner must show that his appellate counsel "omitted significant and obvious issues [on appeal] while pursuing issues that were clearly and significantly weaker." *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) (quoting *Mayo*, 13 F.3d at 533). A petitioner, however, has no "constitutional right to compel appointed counsel to press all nonfrivolous points . . ., if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Nor does "the Sixth Amendment . . . require that *all* colorable state law arguments be raised on direct appeal." *Sellan*, 261 F.3d at 310 (citations omitted).

Magistrate Judge Homer concluded that Petitioner was not denied effective assistance of appellate counsel. *See* Report-Recommendation and Order at 5-7. Specifically, he found that the Appellate Division's decision regarding this issue was neither contrary to nor an unreasonable application of settled Supreme Court law. Moreover, he concluded that appellate counsel's failure to present Petitioner's suggested arguments on appeal did not constitute ineffective assistance of counsel. *See id.* at 6-7. To the contrary, Magistrate Judge Homer noted that appellate counsel properly represented Petitioner by determining which arguments had merit, presenting seven issues on direct appeal, and submitting a thirty-seven page brief to support these arguments. *See id.* at 7.

Furthermore, Magistrate Judge Homer concluded that Petitioner's bare assertion that appellate counsel was ineffective because he failed to raise an ineffective-assistance-of-trial-counsel claim was without merit. *See id.* Finally, he determined that Petitioner's appellate counsel's failure to include the warrant applications as part of the record did not constitute

ineffective assistance of counsel because Petitioner could have raised this issue in a motion to vacate judgment under New York Criminal Law § 440.10(1)(f).  *See id.*

Petitioner objects to Magistrate Judge Homer's recommendation on the ground that Magistrate Judge Homer had no basis on which to determine whether the Appellate Division properly applied settled Supreme Court law because the Appellate Division failed to articulate its findings of fact and conclusions of law.  *See* Objections at 5-7.  Moreover, Petitioner asserts that Magistrate Judge Homer erroneously concluded that he could have raised appellate counsel's failure to include the warrant applications as part of the record on appeal in a motion to vacate judgment under New York Criminal Law § 440.10(1)(f) because counsel's failure to include those warrant applications did not occur during the trial.  *See id.* at 8.

Petitioner's objections are without merit.  As an initial matter, Petitioner's assertion that the Appellate Division did not adjudicate his ineffective-assistance-of-counsel claim on the merits is erroneous.  As noted, for purposes of the AEDPA, a court adjudicates a claim on the merits if it disposes of the claim on substantive grounds and reduces its disposition to judgment.  *See Sellan*, 261 F.3d at 312.  Since the Appellate Division denied Petitioner's application for a writ of error *coram nobis*, *see People v. Hickey*, 300 A.D.2d 1154 (4th Dep't 2002), it adjudicated Petitioner's claim on its merits.  In addition, despite Petitioner's argument to the contrary, it is not necessary for the state court to articulate its reasoning for denying such an application in order for that decision to be considered an adjudication on the merits.  *See Sellan*, 261 F.3d at 312.

Moreover, Petitioner has not demonstrated that the Appellate Division's decision to deny his application for a writ of error *coram nobis* was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States." 28 U.S.C. § 2254(d)(1); *see also Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001). As noted, under *Strickland* and its progeny, ineffective assistance of appellate counsel requires a finding that appellate counsel committed "unprofessional errors." *Smith*, 528 U.S. at 285. Counsel, however, is not required to present every colorable argument on appeal. *See Sellan*, 261 F.3d at 310. As Magistrate Judge Homer stated, and Petitioner does not dispute, Petitioner's appellate counsel presented seven issues on direct appeal and submitted a thirty-seven page brief to support those arguments; such representation clearly does not give rise to a claim of "ineffective assistance" of counsel.

Furthermore, under New York Criminal Law § 440.10(1)(f), Petitioner could have raised the issue that his appellate counsel failed to include the warrant applications as part of the record on appeal as a basis for his § 440.10 motion. Petitioner mistakenly argues that § 440.10(1)(f) precludes his ineffective-assistance-of-appellate-counsel claim because the improper and prejudicial conduct that he asserts occurred after the trial, rather than during the trial. Petitioner asserts that all arguments relating to the effectiveness of appellate counsel must be presented in an application for a writ of error *corum nobis*. However, what Petitioner fails to recognize is that a § 440.10 motion qualifies as a writ of error *corum nobis*. *See People v. Jackson*, 78 N.Y.2d 638, 642, 646 (1991); *see also People v. Bachert*, 69 N.Y.2d 593, 599 (1987) (holding that "if [a claim of ineffective assistance of appellate counsel] was not apprehended on direct appeal or if the record was not adequate then, under the common law, *coram nobis* was not simply an appropriate avenue for addressing claims of unconstitutional deprivation of the assistance of counsel, it became the exclusive collateral remedy" (citations omitted)). Thus, despite his assertion to the contrary, Petitioner was not precluded from raising his ineffective-assistance-of-

appellate-counsel claim in his § 440.10(1)(f) motion.

Accordingly, for all these reasons, the Court adopts Magistrate Judge Homer's recommendation and denies this ground for Petitioner's petition.

**C.      New York Criminal Procedure Law § 700.15's "necessity" requirement**

It is beyond dispute that "electronic surveillance is a 'search and seizure' within the meaning of the fourth amendment." *Zagarino v. West*, 422 F. Supp. 812, 816 (E.D.N.Y. 1976). However, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976) (footnote omitted).  Thus, a federal habeas court will undertake a

> review of a fourth amendment claim[] in habeas petitions . . . in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violation[]; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.

*Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citations omitted).

In this context, an "opportunity to litigate" "means only that the state must make available 'a statutory mechanism' for suppression of evidence tainted by an unlawful search or seizure." *McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69 (2d Cir. 1983) (quotation omitted).

In New York, eavesdropping and video surveillance warrants are issued pursuant to New York Criminal Procedure Law § 700.15. The "necessity" component of this statute provides that,

"[a]n eavesdropping or video surveillance warrant may issue only: . . . 4. Upon a showing that normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous to employ . . . ." N.Y. Crim. Proc. Law § 700.15(4) (McKinney 1995). In New York, if a criminal defendant argues that certain evidence was obtained by means of an illegal search and seizure, the court will conduct a *Mapp* hearing to determine whether that evidence should be suppressed pursuant to New York Criminal Procedure Law §§ 710.10-.70. *See Mapp v. Ohio*, 367 U.S. 643 (1961); N.Y. Crim. Proc. Law §§ 710.10-.70 (McKinney 1995).

Alternatively, a federal habeas court lacks jurisdiction "to consider questions of federal law decided by the state court" when that court's "judgment rests upon an adequate and independent state ground," including those situations in which "'a state court decline[s] to address a prisoner's federal claims because the prisoner . . . failed to meet a state procedural requirement.'" *Jones v. Stinson*, 229 F.3d 112, 117 (2d Cir. 2000) (quotation and other citation omitted).

Magistrate Judge Homer rejected Petitioner's Fourth Amendment claim based upon the authorities' alleged failure to comply with the "necessity" requirement of New York Criminal Procedure Law § 700.15 because he found that Petitioner was afforded, and took advantage of, the corrective measures that New York State provides in §§ 710.10-.70. Magistrate Judge Homer explained that, because Petitioner based his claim primarily upon the trial court's failure to suppress the evidence at issue due to a violation of state law, his claim would not constitute a valid ground for federal habeas relief unless the State of New York failed to provide a corrective mechanism or Petitioner was precluded from using such a mechanism. *See Stone*, 428 U.S. at

482. Finding that the State of New York provides for a *Mapp* hearing to determine whether evidence should be suppressed because it was obtained through an illegal search and seizure, Magistrate Judge Homer concluded that Petitioner had a full opportunity to litigate this issue in his pretrial motion to suppress and, thus, his Fourth Amendment rights were not violated.

Alternatively, Magistrate Judge Homer concluded that Petitioner was procedurally barred from raising this issue because the Appellate Division conclusively rested its decision on New York procedural law, finding that Petitioner failed to include the eavesdropping warrants in the record on appeal and that Petitioner failed to present a sufficient factual record to enable review of this issue. Magistrate Judge Homer found that Petitioner had failed to demonstrate either cause for this default or that he would suffer either actual prejudice as a result of the alleged violation of federal law or that this Court's failure to consider this claim would result in a fundamental miscarriage of justice. Accordingly, Magistrate Judge Homer recommended that the Court deny this ground for Petitioner's petition on this basis as well.

Petitioner objects to Magistrate Judge Homer's conclusion that he failed to demonstrate cause for his default. Specifically, he argues that it was his appellate counsel's failure to include the warrant applications as part of the record on appeal that would have supported his argument that these applications were defective. Moreover, Petitioner states that he included this failure of his appellate counsel in his application for a writ of error *coram nobis*.

In addition, Petitioner objects to Magistrate Judge Homer's conclusion that he failed to demonstrate actual prejudice. Petitioner asserts that his appellate counsel's failure to include the warrant applications as part of the record on appeal prevented the Appellate Division from reviewing his argument that the eavesdropping warrant applications were defective. Petitioner

argues that had these warrant applications been part of the record on appeal the Appellate Division would have concluded that the trial court should have suppressed the evidence that resulted from the execution of those warrants and that, therefore, the Appellate Division's inability to address this issue did, in fact, result in actual prejudice to him.

Petitioner's objections are without merit. Although Petitioner contends that the authorities failed to comply with the necessity requirement of § 700.15(4), habeas relief is not available to him based upon this ground because New York provides him with an opportunity to fully and fairly litigate this issue. Moreover, in this case, Petitioner took full advantage of that mechanism. Accordingly, the Court adopts the recommendation of Magistrate Judge Homer and denies this ground for Petitioner's petition.

Alternatively, the Court notes that Petitioner is procedurally barred from raising this issue because the Appellate Division conclusively rested its decision on New York procedural law, stating that "[t]he applications for [the eavesdropping warrants were] not part of the record on appeal, and thus [Petitioner] failed to meet his burden of presenting a sufficient factual record to enable [the Appellate Division] to review that contention . . . ." *Hickey*, 284 A.D.2d at 930 (citing *People v. Larrabee*, 201 AD2d 924, *lv denied* 83 NY2d 855; *People v. Kinchen*, 60 NY2d 772, 772-773; *People v. Butler*, 255 AD2d 119, *lv denied* 93 NY2d 851). This determination qualifies as an independent and adequate state ground for the decision and, therefore, precludes this Court's habeas review. *See Berdecia v. Lacy*, No. 99 CIV. 11309, 2000 WL 1072306, *7 (S.D.N.Y. Aug. 2, 2000) (noting that "[h]abeas review is generally prohibited if a state court rests its judgment on an independent and adequate state ground").

## IV. CONCLUSION

After carefully considering Magistrate Judge Homer's Report-Recommendation and Order filed in this matter, Petitioner's objections, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Homer's January 13, 2005 Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED AND DISMISSED IN ALL RESPECTS**; and the Court further

**ORDERS** that the Clerk of the Court close this case.

**IT IS SO ORDERED.**

Dated: July 6, 2005
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Chief United States District Court Judge